IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEOLA RECHE SPENCE,<br><br>Defendant. | CRIMINAL ACTION FILE<br><br>NUMBER 1:17-cr-137-TCB |

## O R D E R

This case comes before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation (the "R&R") [33], which recommends denying Defendant Keola Spence's motions [14, 15] to suppress statements and evidence. Spence has filed objections [37] to the R&R regarding the evidence.

Spence is charged in a one-count indictment with knowingly possessing a firearm after having been convicted as a felon, in violation of 18 U.S.C. § 922(g)(1). Spence seeks to suppress evidence obtained by the police following a compliance check and search of his residence on

December 7, 2016. The facts of the case are not disputed and the Court adopts the facts as set forth in the R&R.

## I. Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006)

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. Spence's Objections to the R&R

Spence objects to the R&R's conclusion that the warrantless search in this case was reasonable. Specifically, Spence objects to the

---

(collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

conclusion that no reasonable suspicion was required. As such, the Court will consider these questions de novo.

The R&R relies heavily on *Samson v. California*, 547 U.S. 843 (2006), in which the Supreme Court held that a police officer's search of a parolee without reasonable suspicion was lawful where the parolee was subject to a California state law providing that parolees "shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause." *Id.* at 846 (quoting Cal. Penal Code Ann. § 3067(a)). The magistrate judge pointed out that Spence, like Samson, was a parolee subject to conditions imposed by the State Board of Pardons and Paroles that greatly restricted his freedom and had agreed to, among other conditions, warrantless searches of his person, papers, and place of residence.

The magistrate judge further pointed to Georgia's concern that a parolee will be more likely than an average citizen to engage in criminal conduct and concluded that the focus on parolees is justified by the state's interest in protecting potential victims, reducing recidivism, and

4

promoting reintegration into society. The R&R concluded that the conditions of Spence's release so diminished his expectation of privacy that even a suspicionless search did not violate his Fourth Amendment rights.

Spence's objections would require the Court's agreement on two arguments: (1) that Georgia state law controls the inquiry; and (2) that Georgia courts require that searches of a parolee be accompanied by reasonable suspicion. Even if the Court were to agree with Spence's first argument (which it does not, *see United States v. Bembry*, 321 F. App'x 892, 894 (11th Cir. 2009) ("[T]he admissibility in federal court of the products of state searches and seizures is controlled by federal law.") (alteration in original) (quoting *United States v. Clay*, 355 F.3d 1281, 1283 (11th Cir. 2004) (per curiam)), his second argument fails. The Eleventh Circuit has clearly held that a parole certificate requiring a parolee to submit to a search "at any time" without a warrant authorized a suspicionless search. *United States v. Stewart*, 213 F. App'x 898, 899 (11th Cir. 2007).

In arguing to the contrary, Spence relies on two cases, *Thomas v. State*, 651 S.E.2d 116 (Ga. Ct. App. 2007), and *State v. Cauley*, 638 S.E.2d 351 (Ga. Ct. App. 2006), for the proposition that a parolee is entitled to privacy such that a search requires reasonable suspicion. However, these cases say no such thing. They quote language from *Samson* and earlier cases holding that a search of a probationer with reasonable suspicion is allowed, and hold that a similar search of a parolee, whose rights are less than those of a probationer, certainly is permissible. They state no holding about whether a search of a parolee requires reasonable suspicion. In fact, *Cauley* explicitly avoids the issue. 638 S.E.2d at 356 ("Pretermitting whether or not reasonable suspicion is required, we find that the officers did have reasonable grounds . . . ."). Therefore, the Court concludes that Georgia law did not require reasonable suspicion before a search of Spence's property.

Spence further objects to the R&R's reliance on *Samson*, arguing that the case is distinguishable for two reasons: (1) the search provision here does not contain the "without cause" language in the relevant portion of the California Penal Code that applied in *Samson*; and (2) the

search provision here is not a standard or special condition of parole. Regarding Spence's first argument, the Eleventh Circuit decided *Stewart* based on language similar to that at issue here ("at any time" without a warrant). 213 F. App'x at 899. Regarding his second, as the magistrate judge pointed out in the R&R, the DCS website clarifies that its list of special conditions was not exhaustive; the State Board of Pardons and Paroles subsequently imposed additional conditions, and indicated that the search provision was a standard condition under which parole was to be granted. Further, Spence has not identified why, even if the Court were to accept this as a distinguishing factor, it would make any difference in the outcome. Therefore, the Court concludes that the magistrate judge properly considered the applicability of *Samson* in this case.

## III. Conclusion

The Court has carefully reviewed the R&R and Spence's objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. Further, the Court finds that Magistrate Judge Walker's factual and legal conclusions were correct and that

Spence's objections have no merit. Therefore, the Court adopts as its Order the R&R [33]. Spence's motions [14, 15] to suppress are denied.

IT IS SO ORDERED this 12th day of June, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge